UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT FIREBAUGH and<br>STELLA FIREBAUGH,<br><br>    Plaintiffs,<br><br>v.<br><br>3M COMPANY, AS SUCCESSOR BY<br>MERGER TO MINNESOTA MINING &<br>MANUFACTURING COMPANY AND/OR<br>ITS PREDECESSORS/SUCCESSORS IN<br>INTEREST<br>and<br>MINE SAFETY APPLIANCES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Cause No. 4:08-CV-01161 ERW<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MINE SAFETY APPLIANCES RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY REPONSES**

Defendant Mine Safety Appliances Company (hereinafter "MSA") respectfully requests that this Court deny Plaintiffs' Motion to Compel Discovery Responses, and states as follows:

**I.    BACKGROUND**

This case is one of five companion cases currently pending in the Eastern District of Missouri.[1] In each case, Plaintiffs allege the use of an MSA Dustfoe respirator "in the early part of his work career at ISP minerals." Plaintiffs also allege the use of various 3M respirators throughout the duration of their employment. Plaintiffs further allege that said respirators failed to perform properly, thereby causing or contributing to cause Plaintiffs to develop silica-induced airway obstruction. Plaintiffs' counsel in this case also represents Plaintiffs in the companion cases. Written discovery identical to the written discovery at issue in Plaintiffs' Motion to

---

[1] The companion cases are *David Midkiff v. 3M, et al*, pending in Judge Sippel's court; *Robert Savage v. 3M, et al.*, pending in Judge Shaw's court; *Olen Midkiff v. 3M, et al.*, pending in Judge Stohr's court; *Carl Scaggs v. 3M, et al.*, pending in Judge Webber's Court and *Robert Firebaugh v. 3M, et al.*, pending in Judge Webber's Court.

1

Compel was propounded on MSA in all five of the companion cases. Though pending separately, the discovery issues in these cases are inextricably connected, and therefore issues relevant to any of these cases affect all five.

This case was filed on August 8, 2008. Pursuant to the original case management order in this case, all discovery was to be completed by December 11, 2009. See Docket Doc. # 17. Plaintiffs were required to disclose expert witness and provide reports by June 5, 2009. Id. Plaintiffs were further required to make expert witness available for deposition so Plaintiffs' expert depositions could be completed by July 10, 2009. Id. Plaintiffs failed to comply with these deadlines. In October of 2009, prior to providing expert witness disclosures, Plaintiffs moved to amend the case management order. See Docket Doc. # 20. MSA did not oppose Plaintiffs' motion to amend the case management order.

In recent months, there has been much activity in this case and its companion cases. The depositions of all five Plaintiffs took place in late January and early February. During the course of these depositions, it was discovered that documents imperative to determining statute of limitations issues in three of the companion cases were not produced by one of Plaintiffs' treating physicians, Dr. Joseph M. Ojile. Therefore, it was necessary for MSA to depose the custodian of records for Dr. Ojile. MSA has been working with Plaintiffs' counsel to find a mutually convenient date on which Dr. Ojile's deposition can be taken. In February, MSA filed a Motion for Summary Judgment in the *David Midkiff v. 3M, et al.* case. Plaintiffs filed a response to that Motion for Summary Judgment, to which MSA filed a reply. At least two of the companion cases also have significant statute of limitation issues to be dealt with in the coming months. MSA has also been working with Plaintiffs' counsel to complete the depositions of Plaintiffs and their spouses. In February, the parties attended alternative dispute resolution in

this case and two companion cases. Pursuant to the request of Plaintiffs' counsel, MSA agreed to mediate all three of those cases at one time.

The crux of Plaintiffs' Motion to Compel is that MSA has failed to produce any documents responsive to Plaintiffs' Request for Production. See Plaintiffs' Motion to Compel Discovery Responses, Docket Doc. 46 (Hereinafter "Plaintiffs' Motion"). That is not the case. On the contrary, full production has been made. On February 4, 2010, MSA produced to Plaintiffs' counsel a CD containing documents responsive to Plaintiffs' Request for Production. That CD contained folders organized by Plaintiffs' Request for Production containing the responsive documents. Because MSA has already produced the documents which Plaintiffs' Motion to Compel purports to seek, there is no reasonable basis for Plaintiffs' Motion to Compel.

Plaintiffs' Motion would have the Court believe that counsel for MSA has not been actively involved in this litigation, which is simply not the case. The facts recited above demonstrate that this case and its companion cases are proceeding expeditiously. Furthermore, MSA has been reasonable when Plaintiffs missed court-ordered deadlines, and has been cooperative with Plaintiffs' counsel in scheduling depositions and alternative dispute resolution. Most importantly, MSA has already produced to Plaintiffs' counsel the documents sought in Plaintiffs' Motion to Compel.

II.     **LOCAL RULE 3.04(A)**

As an initial matter, MSA notes that the Certificate of Conference attached to Plaintiffs' Motion to Compel does not meet the requirements of Eastern District Local Rule 3.04(A). See Plaintiffs' Motion. Pursuant to Local Rule 3.04(A),

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred **in person or**

> **by telephone** with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the **date, time and manner of such conference, and the names of the individuals participating therein**, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A) (emphasis added).

Plaintiffs' counsel asserts that he requested discovery responses in three letters prior to February 2010. In correspondence dated December 21, 2009, Plaintiffs' counsel forwarded to MSA's counsel his motion to compel which was "inadvertently" filed in a companion case, *Robert Savage v. 3M, et al.* See Exhibit 1 to Plaintiffs' Motion. That motion to compel was denied for failure to comply with Local Rule 3.04(A). See Exhibit 1. In correspondence dated January 6, 2010, Plaintiffs' counsel states he has "not gotten adequate discovery responses" and that he "needs these documents." See Exhibit 2 to Plaintiffs' Motion. In correspondence dated January 25, 2010, Plaintiffs' counsel states "please let me know as soon as possible when production will occur, so that I do not have to submit the Motion to Compel previously sent to you." See Exhibit 3 to Plaintiffs' Motion.

On February 4, 2010, documents responsive to Plaintiffs' Request for Production were produced to Plaintiffs' counsel, which is recognized by Plaintiffs' counsel in correspondence dated February 16, 2010. See Exhibit 5 to Plaintiffs' Motion.

In the Certificate of Conference attached to Plaintiffs' Motion, Plaintiffs' counsel simply recites that he has "had several personal conversations at depositions and by way of telephone where the Defendant's counsel indicated they were working on answers to interrogatories and request for production." See Plaintiffs' Motion. After the date the documents were produced, Plaintiffs' counsel did not discuss any intent to file this Motion to Compel with counsel for MSA. MSA had no reason to anticipate that Plaintiffs would file this Motion to Compel, since

4

the documents which Plaintiffs purport to seek have already been produced. Had Plaintiffs' counsel made the reasonable, good faith effort to resolve this dispute required by Local Rule 3.04(A), the Court's involvement could have been avoided, achieving the purpose of Local Rule 3.04(A). As a result of Plaintiffs' failure to comply with Local Rule 3.04(A), Plaintiffs' motion should be denied.

### III.   WRITTEN DISCOVERY

Plaintiffs assert that Plaintiffs' claims will be greatly prejudiced if MSA does not produce the requested documents. On February 4, 2010, MSA produced a CD to Plaintiffs' counsel containing documents responsive to Plaintiffs' Request for Production. The CD contained folders of documents organized by Request for Production. Because documents responsive to Plaintiffs' Request for Production have already been produced, there is no prejudice to Plaintiffs.

Plaintiffs' Motion states that "MSA wholly failed to answer even one interrogatory." This statement is simply untrue. MSA provided a substantive response to each interrogatory, as is evidenced in MSA Responses to Plaintiffs' Interrogatories attached to Plaintiffs' Motion to Compel. See Exhibit 9 to Plaintiffs' Motion. Nonetheless, at the time of filing this Response, MSA is serving Supplemental Responses to Plaintiffs' Interrogatories which reference the documents produced on February 4, 2010.

Because MSA has already fully and completely responded Plaintiffs' written discovery, Plaintiffs' Motion to Compel should be denied.

### IV.   CORPORATE REPRESENTATIVE

In correspondence dated March 17, 2010, Plaintiffs' counsel indicated a willingness to work with MSA to find an agreeable date for the deposition of MSA's corporate representative. See Exhibit 6 to Plaintiffs' Motion. Counsel for MSA told Plaintiffs' counsel available dates

would be provided as soon as possible. See Exhibit 7 to Plaintiffs' Motion. Before MSA provided such dates, Plaintiffs' counsel again noticed the deposition of MSA's corporate representative on a date which MSA's corporate representative is unavailable. However, MSA's corporate representative is available for deposition on the following dates: May 4, 2010; May 5, 2010, May 6, 2010; and May 7, 2010.

V.   **CONCLUSION**

Plaintiffs' Motion to Compel does not comply with Local Rule 3.04(A). Furthermore, MSA has fully and completely responded to Plaintiffs' written discovery, provided documents responsive to Plaintiffs' Request for Production, and provided dates for the deposition of MSA's corporate representative. Therefore, MSA requests that Plaintiffs' Motion to Compel be denied, and requests all such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ W. Jeffrey Muskopf
W. Jeffrey Muskopf - #71431
Michael J. Smith - #57972
Sarah J. Hugg # 499126
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
Telephone:  (314) 621-2939
Facsimile:  (314) 621-6844
jmuskopf@lashlybaer.com
msmith@lashlybaer.com
shugg@lashlybaer.com

ATTORNEYS FOR DEFENDANT MINE
SAFETY APPLIANCES COMPANY

## **PROOF OF SERVICE**

I hereby certify that on April 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

- Zane T. Cagle – zane@pagecagle.com
- John J. Kurowski - jkurowski@cateskurowski.com
- Lawrence R. King – lking@larsonking.com
- Candice Kusmer – ckusmer@kbslf.com
- Michael B. Martin – mbmartin@mmmllp.com
- W. Jeffrey Muskopf – jmuskopf@lashlybaer.com
- Sarah J. Hugg – shugg@lashlybaer.com
- Bernadette Weaver-Catalana – bcatalana@osbornreed.com

I have mailed a copy to the following parties:

Daniel C. Adams
Larson King, LLP
30 E. Seventh Street
2800 Wells Fargo Place
St. Paul, MN 55101

                                                                      /s/ W. Jeffrey Muskopf