UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT FIREBAUGH and | ) | |
| STELLA FIREBAUGH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-CV-01161 ERW |
| | ) | |
| 3M COMPANY, AS SUCCESSOR BY | ) | |
| MERGER TO MINNESOTA MINING | ) | |
| & MANUFACTURING COMPANY | ) | |
| AND/OR ITS PREDECESSORS/ | ) | |
| SUCCESSORS IN INTERST & | ) | |
| MINE SAFETY APPLIANCES | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' STATUS REPORT**

COMES NOW, Plaintiffs, Robert Firebaugh and Stella Firebaugh, in the above entitled and numbered cause of action, and makes and files this Plaintiffs' Status Report.

1. This case was proceeding with discovery in a timely manner. Three weeks ago, a dispute arose between the two Defendants, 3M Company ("3M") and Mine Safety Appliances ("MSA"), regarding entry of 3M's protective order. Plaintiff had previously agreed to entry of 3M's protective order but this protective order had not been circulated to MSA. MSA did not agree to the order.

2. Central to this dispute relates to the persons at either company who are allowed to review certain documents which may be protected as intellectual property. The dispute precludes MSA's participation in depositions unless it agrees with the protective order. Because MSA does not agree, liability depositions of 3M corporate

1

representatives, previously scheduled in May, had to be postponed because MSA would be precluded from participating in the deposition even though it is a party.

3. Plaintiffs are powerless to control this dispute. Apparently, the Defendants 3M and MSA are also unable to resolve this matter without Court intervention. Plaintiffs' are awaiting this next step. This dispute has placed a hold on liability discovery. Under the current scheduling order, Plaintiffs' were to complete the corporate representative of both Defendants in May so that it could present its liability experts by June 15, 2010, in accordance with the Docket Control Order. Even if Plaintiff wanted to present its experts (they do not until corporate representative depositions are complete) they could not present expert opinions since they are based on protected documents which are central to this dispute.

4. In essence, the forward discovery of this case has been halted as a result of this protective order dispute which has occurred through no fault of Plaintiffs. It is Plaintiffs desire to advise the Court of this situation because Plaintiff anticipates that the parties will ask the Court for a modification to the scheduling order as a result of this dispute and its attendant delay. Plaintiff wanted the Court to be aware that such a request would not be dilatory but only as a result of this good faith dispute between the Defendants.

Respectfully submitted,

MALONEY * MARTIN, L.L.P.

/s/ Mike Martin
MIKE MARTIN
#5200604
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, TX 77019
Telephone: (713)759-1600
Facsimile: (713)759-6930

>Zane Cagle
>MO #53775, Fed. #499604
>1232 Washington Ave, Ste 220
>St. Louis, MO  63103
>Telephone: (314)241-4555
>Facsimile: (314)241-4556
>
>**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the   1st   day of June, 2010.


>/s/ Mike Martin
>MIKE MARTIN