UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT FIREBAUGH and STELLA FIREBAUGH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:08-CV-01161 ERW |
| 3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/ SUCCESSORS IN INTERST& MINE SAFETY APPLIANCES | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S STATEMENT OF
UNCONTROVERTED MATERIAL FACTS**

Pursuant to Local Rule 7 – 4.01(a), Plaintiffs, Robert Firebaugh and Stella Firebaugh, sets forth the following uncontroverted material facts in support of its Motion for Partial Summary Judgment Against Mine Safety Appliances ("MSA") Based on Negligence Per Se.

1. Plaintiff, Robert Firebaugh, was employed at ISP Corporation (and its predecessor company GAF Corporation) located in Annapolis, Missouri, from February 28, 1966 until 2005.

2. In February, 2005, Plaintiff, Robert Firebaugh, was removed from his employment because of his diagnosis of silicosis, an occupational lung disease caused by inhalation of silica dust.

1

3. From February 24, 1966 until 1974, Plaintiff, Robert Firebaugh, used the MSA Dustfoe 66 every day when he worked at ISP. It is likely he wore the MSA Dustfoe a little longer as other co-workers have testified the 3M respirators did not come into the plant until 1977/1978.

4. Plaintiff, Robert Firebaugh, wore a MSA Dustfoe 66 at least from 1966 – 1974. The MSA Dustfoe used by Mr. Firebaugh did not meet the regulatory requirements under 30 C.F.R. part 14 (1965) (21B); further, it did not meet the regulatory requirements of 30 C.F.R. part 11(1972).

5. MSA believes that a reasonable prudent manufacture should be aware of updated Bureau of Mines regulations in order to provide continued user safety.

6. The MSA Dustfoe 66 did not actually obtain approval under 30 C.F.R. part 14 (1965)(21B) until October 15, 1970.

7. The MSA Dustfoe 66 used by Robert Firebaugh did not have a protective covering over its exhalation valves in violation of 30 C.F.R. part 14.23 (b)(2)(1965).

8. The MSA Dustfoe 66 did not have a means designed to prevent inword leakage of contaminated air in violation of 30 C.F.R. part 14.23(b)(2)(1965).

9. NIOSH testing of the MSA Dustfoe 66 which occurred on June 19 & 20, 1972 concluded that two MSA Dustfoe 66 respirators leaked 3.0 milligrams of silica after testing and one MSA Dustfoe 66 leaked 5.4 milligrams of silica in violation of 30 C.F.R. part 14.31 (a)(v)(1965).

10. Testing performed by the Los Alamos Scientific Laboratory on behalf of NIOSH concluded that the MSA Dustfoe 66 had a tendency toward exhalation valve malfunction.

11. NIOSH told MSA that the MSA Dustfoe 66 had a "design deficiency" which included potential field leakage between the metal body and the rubber face piece of the MSA Dustfoe 66.

        Respectfully submitted,

        MALONEY★MARTIN, LLP

        /s/Mike Martin

Mike Martin
Federal #5200604
TX #13094400
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Telephone: (713) 759-1600
Facsimile: (713) 759-6930
E-Mail: mmartin@maloneymartinllp.com

Zane Cagle
MO #53775, Fed. #499604
1232 Washington Ave., Ste. 220
St. Louis, Missouri 63103
T: (314) 241-4555
F: (314) 241-4556
E-Mail: zane@pagecagle.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the ___30th___ day of July, 2010.

                                         /s/Mike Martin
                                         MIKE MARTIN