UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT FIREBAUGH, and )
STELLA FIREBAUGH, )
                                )
    Plaintiffs, )
                                )
    vs. )   Case No. 4:08CV01161 ERW
                                )
3M COMPANY, and MINE SAFETY )
APPLIANCES COMPANY, )
                                )
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator [doc. #96]; MSA's Motion to Exclude Expert Testimony of David Dinkins [doc. #100]; Plaintiffs' Motion to Exclude the Testimony and Expert Report of Defendant's Expert Witness, Dr. Neil Ettinger [doc. #106]; and MSA's Motion to Exclude Expert Testimony of Ching-Tsen Bien and Darell Bevis [doc. #111]. The Court held a hearing on the pending Motions on November 1, 2010, wherein the parties presented oral arguments to the Court.

First, Plaintiffs seek to exclude the expert testimony of James S. Johnson, Ph.D. Specifically, Plaintiffs take issue with Dr. Johnson's criticisms of 3M products; Plaintiffs do not seek to exclude Dr. Johnson's opinions regarding the MSA Dustfoe 66. The Court finds that Dr. Johnson may testify regarding the MSA Dustfoe 66 and the 3M respirator products. Plaintiffs' Motion to Exclude Dr. Johnson's testimony will be denied.

Next, Defendant MSA seeks to exclude the expert testimony of David Dinkins regarding the respirable dust conditions present at ISP Minerals before 1974. MSA also seeks to exclude all of Mr. Dinkins' testimony that is based on Exhibit 3 to his deposition. Exhibit 3 consists of a series of tables and graphs that purportedly reflect dust sampling data from the ISP Minerals plant at issue in this case. The Court finds that Mr. Dinkins will be permitted to supply expert testimony in this case, although he will not be permitted to make a retroactive analysis of air contamination before samples were collected, in order to reach any conclusions. Defendant MSA's Motion to Exclude Mr. Dinkins' testimony will be denied.

Additionally, Plaintiffs seek to exclude the testimony and expert report of Defendant's expert witness Dr. Neil Ettinger. Plaintiffs argue that Dr. Ettinger is not qualified to offer an expert opinion on occupational illness and pulmonary disability. The Court disagrees, and finds that Dr. Ettinger will be permitted to offer an expert opinion at the trial in this case. Plaintiffs' Motion to Exclude Dr. Ettinger's testimony will be denied.

Finally, Defendant MSA seeks to exclude the expert testimony of both Ching-Tsen Bien and Darell Bevis. The Court will reserve ruling on this Motion until evidence is adduced to determine whether expert testimony is suited to the facts of the case. As explained by the Eighth Circuit,

> "[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination." However, it is also true that if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded. An expert opinion that fails to consider the relevant facts of the case is fundamentally unsupported: "If a party believes that an expert opinion has not considered all of the relevant facts, an objection to its admission is appropriate. Even a theory that might meet certain *Daubert* factors, such as peer

2

review and publication, testing, known or potential error rate, and general acceptance, should not be admitted if it does not apply to the specific facts of the case."

*See Neb. Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (quoting *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002) and *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056 (8th Cir. 2000)) (internal citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude James S. Johnson, Ph.D., Expert Testimony Relating to the 3M Respirator [doc. #96] is **DENIED**.

**IT IS FURTHER ORDERED** that MSA's Motion to Exclude Expert Testimony of David Dinkins [doc. #100] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude the Testimony and Expert Report of Defendant's Expert Witness, Dr. Neil Ettinger [doc. #106] is **DENIED**.

**IT IS FURTHER ORDERED** that MSA's Motion to Exclude Expert Testimony of Ching-Tsen Bien and Darell Bevis [doc. #111] is **DENIED**, with leave to raise objection at trial.

Dated this 2nd Day of November, 2010.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE